UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:10-CR-11 |
| | ) | (VARLAN/SHIRLEY) |
| HOWARD L. DAVIS, | ) | |
| CALVIN G. LEWIS, and | ) | |
| SUSAN W. PHILLIPS, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court pursuant to Defendant Howard L. Davis's Motion to Continue [Doc. 60], filed on March 9, 2011. The parties appeared before the undersigned on March 22, 2011, for a hearing on the motion to continue. Assistant United States Attorney Tracy L. Stone was present on behalf of the Government. Attorney Ronald C. Newcomb appeared on behalf of Defendant Howard L. Davis, who was also present. Attorney Russell T. Green appeared on behalf of Defendant Calvin G. Lewis, whose presence from the hearing was excused. Attorney Robert R. Kurtz and Defendant Susan W. Phillips were also excused from the hearing.

Defendant Davis's motion to continue asks the Court to continue the trial date because Attorney Newcomb was recently appointed and will not have sufficient time to prepare for trial. At

1

the March 22 hearing, Attorney Newcomb asserted that due to his recent appointment on March 8, 2011, he has not had adequate time to review the discovery in this case and prepare for trial. Defendant Davis stated that he had no objection to a continuance of the trial date and that he would like the trial continued in this case. Attorney Newcomb stated that Defendant Davis was aware of his speedy trial rights, and that he had discussed the need for a trial continuance with Defendant Davis.

In addition, Defendant Phillips submitted an affidavit to the Court asserting that Attorney Kurtz had spoken with her regarding this motion and that she does not object to a continuance of the trial date in this case. [Doc. 61-1]. Defendant Phillips states that she and Attorney Kurtz discussed her right to a speedy trial and the need for a trial continuance. [Doc. 61-1]. Attorney Greene asserted that he had not spoken with Defendant Lewis regarding this motion due to Defendant Lewis's ongoing treatment at a rehabilitation center. While Attorney Greene stated that it was doubtful that Defendant Lewis would object to the continuance of the trial date, the Court directed Attorney Green to file an affidavit with the Court indicating Defendant Lewis's position on the motion continue the trial date.[1] The Government had no objection. The parties agreed on a new trial date of June 28, 2011.

The Court found the motion to continue the trial to be well-taken and agreed with Defendant Davis that the ends of justice served by granting the continuance outweigh the interest of the

---

[1] At the hearing, the Court noted that while Defendant Lewis's position on the motion to continue does not influence the Court's decision regarding whether to grant Defendant Davis's motion in this case, the Court directed Attorney Greene to discuss the motion with Defendant Lewis and to file an affidavit with the Court detailing such discussion. See United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986) (finding that time excludable under the Speedy Trial Act as to one defendant is also excludable as to all co-defendants).

Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Specifically, the Court observes that Attorney Newcomb has recently assumed representation of Mr. Davis and will require a reasonable period of time to review and become familiar with materials disclosed in discovery, conduct any remaining legal or factual investigation, and prepare for trial. See 18 U.S.C. § 3161(h)(8)(B)(iv). The Court finds that this all could not have taken place before the March 29, 2011, trial date despite counsel's exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Thus, the Court concluded that the failure to grant a continuance would deprive Mr. Davis's counsel of time to prepare for trial despite the use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Moreover, the Court found that requiring Mr. Davis to proceed to trial as originally scheduled despite his attorney's lack of time to prepare would likely result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(I).

Finally, the Court finds that, because there has been no severance of the three co-Defendants in this case, continuing the trial for the reasons set forth above does not impinge upon the speedy trial rights of Defendant Lewis and Defendant Phillips. "A reasonable period of delay when [a] defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" shall be excluded in computing the time within which the defendant's trial must commence. 18 U.S.C. § 3161(h)(6). In short, time excludable under the Speedy Trial Act as to one defendant is also excludable as to all co-defendants. Holyfield, 802 F.2d at 847-4. Unlike some periods of delay that are automatically excluded under the Act, delay caused by joinder with a co-defendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). The Court of Appeals for the Sixth Circuit has held that courts should be guided by the policies supporting the enactment of section 3161(h)(6) when assessing the reasonableness of a delay

attributable to co-defendants:

> "The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion."

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted). The Court of Appeals determined that Congress expressly favored the efficiency and economy of multi-defendant trials over the speed that would result from a severance. See id. The Court of Appeals determined that Congress expressly favored the efficiency and economy of multi-defendant trials over the speed that would result from a severance. See id.

In this case, Defendant Lewis and Defendant Phillips stand indicted with Defendant Davis [Doc. 51], and no motion for severance has been filed. Accordingly, any delay attributable to Defendant Davis is presently excludable as to Defendant Lewis and Defendant Phillips as long as it is reasonable. See 18 U.S.C. § 3161(h)(6); see also United States v. Snelling, 961 F.2d 93, 95 (6th Cir. 1991) (holding that excludable time attributed to codefendants before the defendant was severed from the case was also attributable to the defendant). The Court found, *supra*, that a continuance of the March 29, 2011, trial date was necessary to give defense counsel for Defendant Davis adequate time to prepare for trial. The Court now finds that the three-month delay of trial attributable to Defendant Davis is reasonable given the history of the case.

Accordingly, Defendant Davis's Motion to Continue **[Doc. 60]** is **GRANTED.** The Court **ORDERS** that the trial be continued and reset to commence on **June 28, 2011**. The Court finds that all the time between the **March 22, 2011,** hearing and the new trial date of **June 28, 2011**, is fully

4

excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(7)(A)-(B), (h)(1)(D), and (h)(6).

With regard to other scheduling in the case, the pretrial conference is reset for **May 5, 2011, at 1:30 p.m.** The new plea negotiation deadline is **June 7, 2011.** The Court further **ORDERS** that all motions *in limine* must be filed by **June 13**, **2011,** and any special requests for jury instructions must be submitted to the District Court by **June 17, 2011**. Special requests for jury instructions must be supported by citations of authority pursuant to Local Rule 7.4.

It is **ORDERED**:

(1) Defendant Davis's Motion to Continue **[Doc. 60]** is **GRANTED**;

(2) The pretrial conference before the undersigned is reset for **May 5, 2011, at 1:30 p.m.**;

(3) The plea negotiation deadline is extended to **June 7, 2011**;

(4) The trial of this matter is reset to commence on **June 28**, **2011, at 9:00 a.m.,** before the Honorable Thomas A. Varlan, United States District Judge;

(5) All time between the **March 22, 2011,** hearing and the new trial date of **June 28, 2011,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) The Court further **ORDERS** that all motions *in limine* must be filed by **June 13**, **2011;** and

(7) Any special requests for jury instructions must be submitted to the District Court by **June 17, 2011**. Special requests for jury instructions must be supported by citations of authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge